UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>RICHARD BALDYGA, an individual, and RADIXONE, INC. 401(k) PLAN, an employee pension benefit plan,<br><br>                    Defendants. | Case No. C 06-03568 SC<br><br>~~(Proposed)~~<br>CONSENT JUDGMENT |

This action was filed by Plaintiff ELAINE L. CHAO, Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that Defendant RICHARD BALDYGA ("BALDYGA") breached his duties under ERISA in connection with the RadixOne, Inc. 401(k) Plan ("the Plan"), and seeking to enjoin further violations of ERISA and to obtain other equitable relief.

Case 3:06-cv-03568-SC   Document 6   Filed 08/04/06   Page 2 of 5

Subsequently, the Secretary and Defendant BALDYGA agreed to resolve this matter by signing Consent Findings, which have been filed with the Court, and by agreeing to the entry of this Consent Judgment. Defendants BALDYGA and the Plan also acknowledge receipt of a copy of the Complaint, waive issuance and service of process, waive answer, waive any defense to the Secretary's claims, and waive entry of any findings of fact and conclusions of law.

Having reviewed the Consent Findings, and it appearing that the Court has jurisdiction over the parties and subject matter of this action, and that the Court is empowered to provide the following equitable relief, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The above-referenced Consent Findings are incorporated herein and are hereby approved and made a part of this Consent Judgment.

2. Nicholas Saakvitne of Saakvitne Law Corporation, 4712 Admiralty Way, PMB 601, Marina Del Rey, California 90292-6998, (310) 451-3225, is appointed as the Independent Fiduciary for the Plan. The Independent Fiduciary shall have the following powers, duties and responsibilities:

    a. The Independent Fiduciary shall have full fiduciary authority and shall have all the powers, rights, discretion and duties of a trustee, fiduciary, and Plan administrator under ERISA;

    b. The Independent Fiduciary's responsibilities shall include, but shall not be limited to, establishment or continuation of a trust account for the benefit of Plan

participants and beneficiaries, receipt and distribution of employee contributions to the Plan, communication with participants regarding their disbursal options, collection of any necessary information from those persons or entities in custody of such information, and calculation of the participants' and beneficiaries' account balances;

  c. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage Plan assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets until such time that the Plan assets are distributed to those participants and beneficiaries;

  d. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefit Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each Plan participant or beneficiary who is eligible to receive a payment under the terms of the Plan. Further, the Independent Fiduciary shall disburse payment made pursuant to this Consent Judgment to each eligible participant and beneficiary;

  e. The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information and records maintained by the Plan's custodial trustees or other service providers; and

  f. The Independent Fiduciary shall receive a fee of Three Thousand Five Hundred Dollars ($3,500.00) as reasonable compensation for the performance of the above-referenced duties.

The fee shall also include necessary and reasonable costs as well as the cost to obtain bonding in an amount that meets the requirements of ERISA Section 412, 29 U.S.C. § 1112. This fee shall be paid by Defendant BALDYGA within thirty (30) days after the entry of this Consent Judgment.

3. Defendant BALDYGA is hereby enjoined for a period of one (1) year from the date of entry of this Consent Judgment from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan. Defendant BALDYGA is also permanently enjoined from any future violations of ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), and Sections 402(a) and 403(a), 29 U.S.C. §§ 1102(a) and 1103(a).

4. Each party shall bear his or her own fees and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

5. Nothing in this Consent Judgment is binding on any governmental agency other than the Employee Benefits Security Administration of the United States Department of Labor.

6. Each party shall waive any and all claims of any nature which each may have against the other, or any of their officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings, or any investigation incident thereto.

7. This Consent Judgment represents a full, final and complete judicial resolution of all claims alleged in the

Complaint against Defendant BALDYGA. Except as provided in paragraph 8 of this Consent Judgment, the Secretary's claims against Defendant BALDYGA and the Secretary's claims against the RADIXONE, INC. 401(K) PLAN are dismissed with prejudice.

8. The Court shall retain jurisdiction of this matter for purposes of enforcing the provisions contained in the Consent Findings and the Court's Consent Judgment.

The Court, finding that there is no just reason to delay the entry of this Consent Judgment, expressly directs the entry thereof as a final order.

IT IS SO ORDERED.

Dated this ___4___ day of ___August___, 2006.



_____
UNITED STATES DISTRICT JUDGE

Submitted by: HOWARD M. RADZELY
Solicitor of Labor

LAWRENCE BREWSTER
Acting Regional Solicitor

DANIEL J. CHASEK
Acting ERISA Counsel

_____
ISABELLA M. DEL SANTO
Trial Attorney

Attorneys for Plaintiff